IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>ANDERSON BROS. STORAGE AND MOVING CO., an Illinois corporation,<br><br>*Defendant*. | Case No. 25-cv-07224<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, one of the Pension Fund's present trustees, allege as follows:

### JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Pension Fund by Defendant in accordance with collective bargaining agreements, a participation agreement, and the Pension Fund's Trust Agreement.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this

Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road in Chicago, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Pension Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Anderson Bros. Storage and Moving Co. ("Anderson Bros.") is a corporation organized under the laws of the State of Illinois. Anderson Bros. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8. Local Union No. 705 ("Local 705") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Anderson Bros. and employees of other employers in industries affecting interstate commerce.

9. During all relevant times, Anderson Bros. and Local 705 have been parties to successive collective bargaining agreements (the "CBAs") pursuant to which Anderson Bros. has been required to make contributions to the Pension Fund on behalf of its covered employees.

10. Anderson Bros. and Local 705 are also parties to a Participation Agreement which requires Anderson Bros. to pay contributions to the Pension Fund.

11. Anderson Bros. agreed to be bound by the terms of the Pension Fund Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12. Under Article III, Section 1 of the Trust Agreement, Anderson Bros. is required to "remit continuing and prompt Employer Contributions to the [Pension Fund] as required by the applicable collective bargaining agreement, participation agreement, [and the Trust] Agreement . . . ."

13. Article XIV, Section 4 of the Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions . . . prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater). . . . Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions . . . shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment

balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually. . . .

14. The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

## **STATUTORY AUTHORITY**

15. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of–
>
>     (i) interest on the unpaid contributions, or
>
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)  such other legal or equitable relief as the court deems appropriate.

  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## **STATUTORY AND CONTRACTUAL VIOLATIONS**

  17.  Plaintiffs hereby reallege and incorporate the allegations made in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

  18.  Based upon the employee work history reported to the Pension Fund by Anderson Bros. and other information obtained by the Pension Fund, Anderson Bros. has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Pension Fund.

  19.  Despite demands that Anderson Bros. perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Anderson Bros. has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 18.

  20.  Anderson Bros. owes the Pension Fund at least $93,017.00 for unpaid contributions (and interest due thereon) for the period of November 26, 2023 through February 1, 2025, as a result of the conduct set forth in paragraph 18.

  **WHEREFORE**, Plaintiffs request the following relief:

  (a)  A judgment against Defendant in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

        (i)      the unpaid contributions owed to the Pension Fund based upon the employee work history report by Defendant;

        (ii)     interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

        (iii)    an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

        (iv)    attorney's fees and costs.

(b)    Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Sarah M. Gortowski*
Sarah M. Gortowski (ARDC # 6349107)
CENTRAL STATES FUNDS
Law Department
8647 W Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 777-4031
sgortows@centralstatesfunds.org

June 27, 2025                                     *ATTORNEY FOR PLAINTIFFS*